CARRIE B. WINANS v. E. B. WILLIAMS, *et al.*

*Error from Shawnee County.*

ELECTORS: QUALIFICATIONS.—Female persons with all the legal qualifications for electors, except that they are not *males*, are not legally entitled to vote in Kansas for either state or county superintendent of public instruction.*

The facts of the case are: that the defendants were acting judges of an election, regularly held, at which a county superintendent for Shawnee county and a superintendent of public instruction were legally to be elected, and the plaintiff in error, a woman, but otherwise possessing all the qualifications of an elector, went to the open polls and offered to vote, and tendered a ticket for a regular candidate, at such election, to said judges, who refused the same. She brought her action against the defendants in the district court of Shawnee county, and brings this proceeding to reverse a judgment against her rendered therein.

*Guthrie & Young, Douthitt & Spencer,* and *A. H. Case,* for plaintiff in error.

*Thomas Ryan,* for defendant in error.

*By the Court,* VALENTINE, J.

The only question presented in this case, is whether the plaintiff in error has a legal right to vote for state and county superintendent of public instruction. The plaintiff in error has all the legal qualifications for an elector except that she is a female, and not a male.

---

*CONSTITUTIONAL LAW: ELECTORS.—Article two of the constitution is devoted to the legislative branch of the government, and in the provision relative to the regulation of schools when it prohibits the making of any distinctions between males and females [§ 23, Comp. Laws, '56] it has no reference to the right of suffrage.

The constitution of the state provides [§ 1, *Art.* 1] for the election of a state superintendent of public instruction, "who shall be chosen by the *electors* of the state;" and also provides [§ 1, *Art.* 6] for the *election* of a county superintendent of public instruction.

The constitution also provides [§ 2, *Art.* 4] for a general election, to be held on the Tuesday succeeding the first Monday in November of each year, and these officers are elected at that election. *Gen. Stat.*, 427, § 1.

The constitution also provides [§ 1, *Art.* 5] who shall be electors, as follows: "Every white *male* person, of twenty-one years and upwards, belonging to either of the following classes—who shall have resided in Kansas six months next preceding any election, and in the township or ward in which he offers to vote at least thirty days next preceding such election—shall be deemed a qualified elector: First, citizens of the United States; second, persons of foreign birth who shall have declared their intention to become citizens, conformably to the laws of the United States on the subject of naturalization."

No one claims that either the constitution or the statutes anywhere provide, by express words, for females voting for either state or county superintendent of public instruction; but the whole claim for such a right is founded upon section twenty-three of article two of the constitution, which, it is claimed, impliedly provides for females voting for all school officers.

Article two of the constitution is devoted to the legislative branch of the government; and in defining the powers and duties of the legislature, among other things, it provides [§ 23] that "the legislature, in providing for the *formation* and *regulation* of *schools*, shall make no distinction between the rights of males and females."

We hardly suppose it necessary to enter upon an argument of this question, as probably no lawyer in the state, whatever his opinion may be upon the general question of "woman suffrage," seriously thinks that women have a *legal* right to vote for either state or county superintendent of public instruction.

The judgment of the court below is affirmed.

All the justices concurring.